[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 15, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-13704
Non-Argument Calendar
_____

BIA No. A96-021-018

SALFO KABORE,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

**(March 15, 2007)**

Before DUBINA, CARNES and WILSON, Circuit Judges.

PER CURIAM:

Salfo Kabore ("Kabore"), a citizen of Burkina Faso, appeals the decision of

the Board of Immigration Appeals ("BIA"), adopting the decision of the Immigration Judge ("IJ") to deny asylum and withholding of removal under the Immigration and Nationality Act ("INA"), 8 U.S.C. §§ 1158, 1231, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 C.F.R. § 208.16(c).

On appeal, Kabore argues that the IJ's adverse credibility findings were erroneous because such a finding was improper where the IJ concluded that his misstatements were not malicious. Also, he alleges that he demonstrated a well founded fear of persecution should he return to Burkina Faso, because (1) the military was searching for him and came to his home; (2) the government has a poor human rights record; (3) individuals with whom Kabore claims a connection were murdered; and (4) that Kabore is a member of an opposition party.

Where the BIA affirms and adopts the IJ's decision without opinion, as in this case, the IJ's decision becomes the final agency action subject to review. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir.2001). We review the IJ's findings of fact under the "substantial evidence test," and must affirm the decision "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1286 (11th Cir. 2005). As is the case with all factual determinations, assessments of credibility are also reviewed under the substantial evidence test. *Id.* Under the highly deferential

2

substantial evidence test, we "consider only whether there is substantial evidence for the findings made by the [IJ], *not* whether there is substantial evidence for some *other* finding that could have been . . . made." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1029 (11th Cir. 2004) (internal quotation marks omitted). "[W]e review the record evidence in the light most favorable to the agency's decision," *Forgue*, 401 F.3d at 1286 (internal quotation marks omitted), and may not overturn findings of fact unless the record compels it, *id.* at 1287.

To establish eligibility for asylum or withholding of removal, an applicant must offer "credible, direct, and specific evidence in the record." *Id.* at 1287 (internal quotation marks omitted). If found to be credible, the testimony of an applicant is alone sufficient to establish the required burden of proof; however, a specific and cogent adverse credibility determination alone may be sufficient to support the denial of an asylum application. *Id.*; *see also Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005) (requiring that the IJ make an explicit finding that petitioner was not credible). The applicant may rebut an adverse credibility finding on appeal with proof that "the IJ's credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." *Forgue*, 401 F.3d at 1287. If an applicant supplies evidence other than his testimony, the IJ may not rely solely on an adverse credibility determination. *Id.*

Upon review of the record, it is apparent that the decision rendered by the IJ

3

and adopted in full by the BIA contained an adverse credibility finding that was supported by specific, cogent reasons and based on substantial evidence. The IJ explicitly determined that Kabore was not credible regarding the identity of his best friend, the name of the political party to which he belonged, the date when the military came to his home, and the date he arrived in the United States. Substantial evidence confirms that finding.

On both direct and cross examination Kabore provided inconsistent testimony about his best friend who was killed by the president's brother. Kabore initially testified that his best friend, Norbert Zongo ("Zongo"), was a chauffeur, but when asked whether Zongo was really the journalist investigating the murder of the chauffeur, Kabore changed his testimony and stated that Zongo was a journalist and his best friend, the chauffeur, was named Ouangaua. He repeated the same mistake during cross-examination.

Kabore also mistook the name of the political party to which he claimed membership, testifying that the party's acronym, ADF, stood for Democratic Association of Popular Funds or, depending on the translation, Democratic Association of Popular Fronts. According to the State Department's Background Notes, the name of the party is the Alliance for Democracy Federation. Considering that Kabore based his petition on the death of his friend and his membership in the opposition political party, these inconsistencies are material to

4

his credibility. Kabore also repeatedly mistook the years in which the military came to his house, he left his country, and arrived in the United States. These omissions constitute substantial evidence in support of the adverse credibility finding of the IJ.

Kabore argues that because the IJ found that his inconsistent testimony regarding dates was without malice, such misstatements should not impact his credibility. However, Kabore overstates the significance of the IJ's statements. First, we do not require a finding that the applicant maliciously testified inconsistently to support an adverse credibility finding. Second, the IJ's statements regarded only the inconsistent dates that Kabore provided, not the other inconsistencies in his testimony. Thus, the IJ's statements do not undermine the adverse credibility finding.

Kabore concedes that he failed to demonstrate past persecution, but argues that he presented sufficient evidence to support a well-founded fear of future persecution. However, Kabore did not provide any evidence that he would be singled out on account of his political opinion or any other protected grounds if he returned to Burkina Faso. Kabore argued that he was afraid to return to his native country because of the death of his friend, the chauffeur; but, the chauffeur was killed because the president's brother believed that he stole a suitcase full of money, and not because of any political opinion or other protected ground. Thus,

5

substantial evidence corroborates the IJ's decision to deny asylum to Kabore.[1]

Because an adverse credibility finding is supported by substantial evidence, and because Kabore did not provide corroborating evidence that he has a well-founded fear of future persecution on account of a protected ground, we will not disturb the BIA's affirmance of the IJ's decision denying Kabore asylum, withholding of removal, and protection under the CAT. Accordingly, we deny Kabore's petition.

**PETITION DENIED.**

---

[1]Since Kabore has not satisfied his burden to prove that he is entitled to asylum, "we also deny his petition for review of his claims for withholding of removal under the INA and for CAT relief." *Zheng v. U.S. Att'y Gen.*, 451 F.3d 1287, 1292 (11th Cir. 2006) (per curiam).